UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN A. CASEY,     10 CA 12210 RWZ

: CIVIL ACTION

Plaintiff,    : NO.

v.

FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION,
AND FIRST ADVANTAGE CORPORATION,

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Kathleen A. Casey, By Her Attorney, Francisca D. Fajana, BBO No. 564301, Massachusetts Law Reform Institute, Inc., Suite 500, Boston, Massachusetts 02111, Tel. 617-357-0700, Fax 617-357-0777, Email FFajana@mlri.org.

Plaintiff Kathleen A. Casey, by and through her undersigned counsel, for her Complaint against Defendants First Advantage Background Services Corporation, and First Advantage Corporation, states the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### I. NATURE OF THE ACTION

1. This civil action raises claims for actual and punitive damages, costs and attorney fees under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

2. Plaintiff brings this action against the Defendants because they furnished a consumer report in which, in violation of the Federal Fair Credit Reporting Act, they

# Massachusetts Law Reform Institute

99 Chauncy Street, Suite 500, Boston, MA  02111-1703
PHONE 617-357-0700  ■  FAX 617-357-0777  ■  www.mlri.org
FFajana@mlri.org

December 17, 2010

The Clerk of the Court
United States District Court for the Dist. of Mass.
1 Courthouse Way, Suite 2300
Boston, MA  02210

   Re: **Kathleen A. Casey v. First Advantage Background Services Corporation**
    **& First Advantage Corporation**

Dear Clerk:

  Attached for commencement of the above civil action are the following documents:

1. Complaint and Demand for Jury Trial (with attachments)
2. Application to Proceed in District Court Without Prepayment of Fees or Costs (short form)
3. Civil Cover Sheet
4. Civil Category Sheet
5. Corporate Disclosure Statement

  If I may provide additional information, please do not hesitate to contact me. Thank you for your attention in this regard.

           Sincerely,

           Francisca D. Fajana
           Staff Attorney

Enc.

wrongfully attributed criminal history information pertaining to another individual to her, even though she has never been arrested or convicted of a crime, and, despite repeated requests, they have failed to reinvestigate and correct the erroneous information. As a result of the Defendants' actions, the Plaintiff has suffered loss of employment, substantial humiliation, mental anguish and emotional distress.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the dispute involves predominately issues of federal law arising under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 et seq. Jurisdiction is also conferred under 15 U.S.C. § 1681p which permits an action to enforce violations of FCRA.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) in that a substantial part of the events giving rise to the action occurred in this judicial district.

## III. PARTIES

5. Plaintiff (hereinafter "Ms. Casey"), resides at 7 Temple Street, Apartment 422, Cambridge, Massachusetts 02139.

6. Defendant, First Advantage Background Services Corporation, on information and belief, is a corporation organized and existing under the laws of the State of Florida, and has its principal place of business at 12395 First American Way, Poway, California 92064. First Advantage Background Services Corporation is a registered corporation doing business in the Commonwealth of Massachusetts.

7. Defendant, First Advantage Corporation (hereinafter both Defendants are collectively referred to as "First Advantage"), on information and belief, is a corporation

2

organized and existing under the laws of the State of Delaware, and has its principal place of business at 12395 First American Way, Poway, California 92064.

## IV. FACTUAL BACKGROUND

8. Ms. Casey is a 57-year-old customer service representative with ten years experience in the public sector and healthcare field. She earned a Bachelor of Arts degree in English from Bridgewater State College in 1988.

9. In or about May 21, 2010, and June 2010, Ms. Casey applied for two positions -- customer service representative and pharmacy technician -- with the national pharmaceutical retail company, CVS Caremark.

10. In or about June 2010, Ms. Casey was offered a position as a pharmacy technician trainee at $11 per hour with opportunities for higher remuneration and job growth by CVS Caremark at its branch in Chestnut Hill, Massachusetts.

11. In or about July 2010, a CVS Caremark Manager, Julie, contacted Ms. Casey to rescind the pharmacy trainee job offer. The CVS Caremark Manager told Ms. Casey that she had allegedly not passed a criminal history background check. The manager declined to accept Ms. Casey's explanation that she did not have a record, that there had been an error, and that she be afforded an opportunity to clear up the false information.

12. On a CVS Caremark stationery dated July 14, 2010, the Compliance Department for First Advantage informed Ms. Casey that it was "forwarding a copy of [a] consumer report that [she] authorized in regard to [her] application for employment." (A copy of the July 14 letter is attached as Exhibit A).

13. On page 1 of a 4-page Pre-Employment/Security Screening document (hereinafter "consumer report") attached to the July 14 letter, First Advantage informed

3

Ms. Casey that "the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation..." and that a background check uncovered a "County Criminal" record. (A copy of the consumer report is attached as Exhibit B).

14. On page 2 of the consumer report, First Advantage listed a 1999 felony charge for "LARCENY OF PERSON OVER 60 YEARS OF AGE" with a guilty plea in the Norfolk Superior Court as a search result for "Casey Kathleen." (Emphasis in original).

15. Although no date-of-birth --redacted or otherwise-- was recorded next to the search result name on page 2, at page 3 of the consumer report, First Advantage claimed that they "CONFIRMED THE RECORD BY NAME, DOB" in order to establish a purported match to Ms. Casey. (Emphasis in original).

16. Five days after First Advantage forwarded the criminal history information purportedly belonging to Ms. Casey, on July 19, 2010, a computerized search of the database of the Criminal History Systems Board --the criminal records repository for the Commonwealth of Massachusetts-- found that "CASEY, KATHLEEN, date-of-birth xx/xx/53 has no adult criminal court appearances." (A redacted copy of the criminal offender record information ("CORI") report is attached as Exhibit C. An unredacted copy under seal, pursuant to LR, D. Mass. Rule 7.2, will be filed with this court.)

17. Ms. Casey has never been arraigned or convicted of a crime in the Commonwealth of Massachusetts.

18. On July 26, 2010, Ms. Casey faxed a "notice of consumer dispute" to First Advantage. The notice included her date-of-birth and social security number. Ms. Casey requested a reinvestigation of First Advantage's erroneous attribution of someone else's criminal history to her, provided First Advantage with a copy of the CORI report issued by

the state criminal history repository, requested that a copy of the results of First Advantage's reinvestigation be mailed to her, and also signed an acknowledgment permitting First Advantage to report the results of its reinvestigation to CVS Caremark. (A copy of the fax cover sheet, redacted notice of consumer dispute, authorization for reinvestigation, and acknowledgment to release the results of the reinvestigation are attached as Exhibit D.)

19. On diverse dates, including, but not limited to, September 8, 2010, Ms. Casey contacted First Advantage to determine the status of her reinvestigation request. First Advantage has not notified Ms. Casey that the criminal history wrongfully attributed to her has been corrected or deleted.

20. By a complaint filed on January 14, 2010, in the United States District Court for the District of Maryland, the United States, by and through the Federal Trade Commission ("FTC"), the agency charged with enforcement of FCRA, sued First Advantage SafeRent, Inc., a corporation with its principal place of business at 12395 First American Way, Poway, California 92064 --the same principal place of business as the Defendants in the present action-- which has officers and directors in common with the Defendants, with violations of FCRA for failing to reinvestigate the completeness or accuracy of items contained in a consumer's file upon receipt of a notice of dispute. First Advantage SafeRent entered a Stipulated Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief with the FTC, also filed on January 14, 2010. On information and belief, First Advantage SafeRent and the Defendants in the present action were or continue to be related entities. On information and belief, the Defendants knew or should have known of the aforementioned FTC litigation and were put

on notice that their failure to reinvestigate Ms. Casey's notice of dispute constitutes a willful violation of FCRA.

21. Ms. Casey has been actively seeking fulltime employment since CVS Caremark rescinded its job offer. She has completed numerous job applications, secured temporary assignments, but has yet to find a permanent position. Ms. Casey has been devastated by the loss of employment with CVS Caremark, particularly because of the tight labor market. While she has diligently pursued other job opportunities, she has been very fearful that the false information attributed to her by First Advantage will again hinder her chances at gainful employment. Ms. Casey has been humiliated by the false attribution of a criminal record to her. She has been distressed by the Defendants' failure to reinvestigate and disassociate her name from the criminal history information of another individual. Ms. Casey has suffered actual damages, embarrassment, mental anguish and emotional distress.

## V.   CAUSES OF ACTION

**Count One – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)**

22. Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Ms. Casey is a "consumer" within the meaning of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

24. Defendant First Advantage Background Services Corporation is a "consumer reporting agency" within the meaning of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Defendant First Advantage Corporation, on information and belief,

is a "consumer reporting agency" within the meaning of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

25. The Pre-Employment/Security Screening document furnished by Defendants in or about July 14, 2010, is a "consumer report" within the meaning of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

26. As set forth above, the consumer report furnished by the Defendants, which they claimed was verified by name and date-of-birth and erroneously attributed to Ms. Casey contained inaccurate information.

27. By failing to assure that Ms. Casey's name and date-of-birth accurately match the criminal history information that they provided to CVS Caremark, Defendants violated 15 U.S.C. § 1681e(b), mandating that a consumer reporting agency follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom the report relates.

28. Because of the Defendants' conduct, actions and inactions, Ms. Casey lost gainful employment with CVS Caremark.

29. Because of the Defendants' conduct, actions and inactions, Ms. Casey suffered actual damages in the form of humiliation, mental anguish and emotional distress.

30. Defendants' conduct, actions and inactions were willful, rendering the Defendants liable for actual damages and punitive damages in an amount to be determined by the Court under 15 U.S.C. § 1681n. In the alternative, Defendants' conduct, actions and inactions were negligent rendering the Defendants liable for actual damages under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover costs and attorney's fees from the Defendants pursuant to 15 U.S.C. § 1681n, 1681o.

**Count Two – Failure to Follow Procedures for Use of Public Record Information for Employment Purposes in Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681k**

32. Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. By failing to promptly notify Ms. Casey of the dissemination of the erroneous consumer report so that she could take necessary action to mitigate the false information contained therein prior to CVS Caremark's rescission of its job offer, the Defendants violated 15 U.S.C. § 1681k, mandating that a consumer reporting agency which reports items of information that are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment notify the consumer of the fact that public record information is being reported or maintain strict procedures designed to insure that public record information which is likely to have an adverse employment effect is complete or up to date.

34. Because of the Defendants' conduct, actions and inactions, Ms. Casey lost gainful employment with CVS Caremark.

35. Because of the Defendants' conduct, actions and inaction, Ms. Casey suffered actual damages in the form of humiliation, mental anguish and emotional distress.

36. Defendants' conduct, actions and inactions were willful, rendering the Defendants liable for actual damages and punitive damages in an amount to be determined by the Court under 15 U.S.C. § 1681n. In the alternative, Defendants' conduct, actions and

inactions were negligent rendering the Defendants liable for actual damages under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from the Defendants pursuant to 15 U.S.C. § 1681n, 1681o.

**Count Three – Failure to Follow Procedures in a case of Disputed Accuracy in Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681i**

38. Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. By failing to promptly conduct a reinvestigation after Ms. Casey timely filed her notice of dispute notifying the Defendants of the false criminal history information that they had attributed to her, by failing to correct, delete or modify the erroneous information, and by failing to update Ms. Casey's consumer file, notify her of the results of the reinvestigation as well as afford notice of the results to CVS Caremark, the Defendants violated 15 U.S.C. § 1681i, mandating that a consumer reporting agency conduct a reasonable reinvestigation within 30 days when the completeness or accuracy of an item of information contained in a consumer's file is challenged, that the disputed information be promptly deleted or modified based on the results of the reinvestigation, that the consumer be notified in writing not later than 5 business days after the completion of the reinvestigation, and that the consumer be provided an updated report based upon the result of the reinvestigation.

40. Because of the Defendants' conduct, actions and inactions, Ms. Casey lost gainful employment with CVS Caremark.

41. Because of the Defendants' conduct, actions and inactions, Ms. Casey suffered actual damages in the form of humiliation, mental anguish and emotional distress.

42.     Defendants' conduct, actions and inactions were willful, rendering the Defendants liable for actual damages and punitive damages in the amount to be determined by the Court under 15 U.S.C. § 1681n. In the alternative, Defendants' conduct, actions and inactions were negligent rendering the Defendants liable for actual damages under 15 U.S.C. § 1681o.

43.     Plaintiff is entitled to recover costs and attorney's fees from the Defendants pursuant to 15 U.S.C. § 1681n, 1681o.

**VI.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court provide her with the following relief:

1.      Declaratory judgment that Defendants violated the Plaintiff's rights under the Federal Fair Credit Reporting Act;

2.      Actual damages, including both the pecuniary damages of lost wages and non-pecuniary damages for humiliation, embarrassment, mental anguish, and emotional distress;

3.      Punitive damages;

4.      Attorney's fees and costs incurred by the Plaintiff in the prosecution of this action; and

5.      All other relief that this Court may deem just and proper, including cessation of the unlawful practices challenged herein.

                                PLAINTIFF,
                                Kathleen A. Casey,
                                By Her Attorney,

_/s/ Francisca D. Fajana_
FRANCISCA D. FAJANA
BBO No. 564301
Massachusetts Law Reform Institute, Inc.
99 Chauncy Street
Boston, MA 02111
Tel: 617-357-0700
Fax No: 617-357-0777
Email: FFajana@mlri.org

Dated: December 17, 2010

11